UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/30/09
```

GUI MING LI, HANG JIAN CHI, GUO PING LI, )
HAO MIN CHEN, GUI XIANG DONG, CHUEN MUI )
CHAN, GUI FANG CHEN, JIAN XIA CHEN, JIAN )
ZHONG CHEN, JUAN CHEN, SHU HUA CHEN, )
XIANG LAN CHEN, XIANG WEI CHEN, YUE LAN )
CHEN, CHUN FENG CHI, SIEW YOON CHUNG, )
ZHAO YU DONG, SUM KONG LAU, GUO RONG )
LI, JIAN DE LI, JIE LI, QUAN DI LI, SAI HANG LI, )
WEI LI, WEN ZHOU LI, HONG BIN LIN, LI YUN )
LIN, LIANG YUN LIN, WAN RONG LIN, XIN WEI )
LIN, JIAN HUA LIN, XUE HUA LIN, JING XING )
LIU, MEI JUAN MO, YI DI QIU, XIAO MEI WANG, )
ZHEN HUO WENG, XIU YING WENG, JI YOU, XIU )
YUE YU, LI XIAN ZHANG, SHU BAO ZRAO, YI )
JUAN ZHENG, )

              Plaintiffs, )
)
       -against- )
)
2875 RESTAURANT INC. d/b/a OLLIE'S NOODLE )
SHOP & GRILLE, MAY KWAN SI, INC. d/b/a )
OLLIE'S NOODLE SHOP & GRILLE, 1160 THIRD )
AVENUE FOOD SERVICE, INC. d/b/a OLLIE'S )
NOODLE SHOP & GRILLE, TSU Y. WANG, CHIH )
CHOU YU a/k/a TSU ZHOU YU, JIN LONG CHEN, )
JIN HUANG CHEN a/k/a JIN CHEN HUANG, RONG )
LIN ZHU, HANG CHENG CHEN, )
)
             Defendants. )
)

07Civ. 2601 (MGC)

**STIPULATION**

    **WHEREAS,** in connection with discovery proceeding in this action, the parties

have disclosed, and anticipate that they may further be disclosing, documents and other

information containing or reflecting non-public or proprietary financial business

information; and

**WHEREAS,** it would facilitate the orderly conduct of discovery if there were to be an ongoing mechanism by which the parties and witnesses could be assured that such information would be accorded confidential treatment.

**IT IS THEREFORE ORDERED THAT:**

1.    Any documents, material or information previously supplied by any party or non-party prior to the date of this Order may be designated "Confidential" by furnishing a separate written notice to the undersigned counsel for the party receiving such documents, material or information within fourteen days of the date of this Order specifically identifying the documents, material or information as "Confidential" or by having marked such documents as "Confidential" prior to their production. Any documents, material or information produced by any party or non-party after the date of this Order may be designated "Confidential" either by furnishing a separate written notice to the undersigned counsel for the party receiving such documents, material or information at the time of their production or within 10 days thereafter, specifically identifying the documents or material as "Confidential," or by stamping the documents, material or information with the legend "Confidential" prior to their production. Stamping such a legend on the cover of any multi-page document shall so designate all pages of such document, unless otherwise indicated by the producing party. The confidential designation shall apply with equal force to any copies, abstracts or summaries made therefrom, or excerpts taken therefrom. Any individual making such copies, abstracts or summaries, or creating any document including excerpts taken therefrom (including expert reports or pleadings), shall clearly mark such documents to preserve the confidentiality of the materials incorporated therein.

2

2. Defendants may designate as "Confidential" material that relates to Corporate Defendants' finances, assets and liabilities, profit margins, marketing, pricing, costing, cost of materials, contracts, vendors, and suppliers, financial information, including but not limited to tax returns, profits and losses, as well as other documents containing other proprietary business information constituting trade secrets, and employees' personal information including but not limited to social security numbers.

3. Plaintiffs may designate as "Confidential" material that relates to personal information including, but not limited to, social security numbers, financial information, government benefits, tax-related documents, and unemployment compensation.

4. A party may designate deposition testimony as "Confidential" either (i) by a statement on the record, by counsel, at the time of or immediately following such deposition identifying the portions of such testimony that qualify as Confidential, pursuant to paragraphs 2 and 3 of this Order, and designating such portions as "Confidential"; or (ii) by written notice, sent by counsel within twenty (20) business days after receiving a copy of the transcript thereof, that such testimony (designated by page and line) shall be treated as "Confidential." The entire deposition transcript (including exhibits) shall be treated as Confidential until the expiration of the above-referenced twenty-day period for designation. Objections to the designation of Confidential deposition testimony shall be governed by the procedures set forth in paragraph 7 of this Order.

5.     Inadvertent production of material that is confidential, privileged or protected from discovery as work product shall not be deemed a waiver of any rights under this order or under the Federal Rules of Civil Procedure and Federal Rules of Evidence.

6.     In the event of an inadvertent production of any privileged or otherwise protected document, upon written request by the producing party in which that party shall set forth the specific bases of any applicable privilege or protection against disclosure, the receiving party, absent a challenge pursuant to this paragraph, within ten (10) business days after the request, (i) shall return the original and all copies of such documents, or (ii) provide written assurance to the producing party that all such copies have been destroyed. The receiving party shall not use such information for any purpose until further order of the Court. In the event that only part of the document is claimed to be privileged or protected, the producing party shall furnish redacted copies of such document, removing only the part(s) thereof claimed to be privileged or protected. Upon receipt of the redacted copy, the receiving party, absent a challenge pursuant to this paragraph, shall promptly (i) return all unredacted copies to the producing party or (ii) provide written assurance to the producing party that all such copies have been destroyed. The receiving party shall not use such information for any purpose until further order of the Court. Alternatively, if the receiving party of the purported inadvertent production contests the inadvertent production of documents and/or the privileged nature, it must do so within five (5) days of receipt of the request by giving notice to the party asserting the privilege. If the receiving party contests the inadvertent production and/or privileged nature of the documents, such party shall retain all copies of the document under dispute segregated

4

from other documents in a file marked "INADVERTENT PRODUCTION – PRIVILEGE DISPUTED." The producing party shall then have ten business days (10) days after such a challenge in which to file a motion seeking recovery of the privileged document, unless the parties agree to extend that period of time. Neither the purported inadvertently produced privileged document nor any of its contents shall be used, disclosed or referred to for any purpose until the motion is decided or the time for filing such motion has passed and no motion has been filed, except that (i) the purportedly privileged document may be filed by either party with the Court under seal for *in camera* review and (ii) if the contents of the document are relevant to the Court's determination, either party may also refer to the contents in its motion or related brief, provided the motion and brief are also filed under seal and not disclosed to others. A producing party's failure to make a timely motion after being informed of the challenge shall be deemed a waiver of any attorney-client privilege or work product privilege for that particular document, without prejudice to either party's right to argue that the waiver does or does not qualify as a subject matter waiver.

7.  Counsel for the receiving party may object to the designation of any document, material or information as "Confidential" by advising the producing party of its objections in writing and the reasons therefor. Until any dispute is resolved, any such document, material or information shall be treated as so designated. The receiving party shall have the burden of scheduling a hearing with the Court to resolve the propriety of the designation.

8.  When any party uses a "Confidential" document, material or information at deposition, only that portion of the deposition transcript which relates to such

5

document, material or information shall be treated as Confidential and subject to the
protections of this Order.

9.    If documents, material or information (including portions of deposition
transcripts) designated as "Confidential" or any information derived therefrom, are to be
included in any papers to be filed in Court or submitted thereto, such papers shall be
labeled "Confidential – Subject to Court Order" and filed under seal and kept under seal
until further order of this Court.

10.    Documents or material designated as "Confidential," or information
derived therefrom, shall be used only in this action and may be disclosed or made
available by the party receiving such information only to the following:

    a.    the Court; including Court personnel, potential jurors, jurors and/or
alternates (at trial or hearing);

    b.    the plaintiffs and defendants, provided that counsel for the party proposing
to make such disclosure shall deliver a copy of this Order to such person, shall
explain its terms to such person, and shall secure the signature of such person on
an affidavit in the form attached hereto as Exhibit A.

    c.    outside counsel to the parties to this action, including all paralegal,
translators, interpreters, clerical and secretarial staff.

    d.    court reporters;

    e.    witnesses at any deposition in this action;

    f.    outside experts retained at any time by the parties or their counsel in
connection with this litigation as a consulting or testifying expert under
Fed.R.Civ.P. 26(b)(4) and who reasonably require access to the particular

6

confidential information for purposes of rendering an expert opinion. Prior to the disclosure of any such information to an expert, the party proposing to make such disclosure shall deliver a copy of this Order to such person, shall explain its terms to such person, and shall secure the signature of such person on an affidavit in the form attached hereto as Exhibit A.

    g.    Any other person that the parties agree to in writing.

11.    Each non-lawyer given access to documents, material or information designated "Confidential" pursuant to the terms hereof shall be advised that the documents, material or information are being disclosed pursuant to and subject to the terms of this Order and may not be disclosed other than pursuant to the terms thereof.

12.    Documents, material or information designated as "Confidential" shall not be disclosed (other than by the producing party) except in accordance with the terms of this Order. A person receiving or obtaining material or information designated as "Confidential" shall not use such information for any purpose, including, without limitation, any business or commercial purpose, other than for the purposes of preparing for and conducting this litigation and any related appellate proceedings.

13.    Nothing herein shall impose any restrictions on the use or disclosure by a party or witness of documents, material or information obtained by such party or witness independently of the discovery proceedings in this action, whether or not such documents, material or information are also obtained through discovery proceedings in this action.

14.    Entering into, agreeing to, and/or complying with the terms of this Oorder shall not:

7

a.      operate as an admission by any party that any particular documents, material or information contains or reflects currently valuable trade secrets or proprietary or commercial information; or

b.      prejudice in any way the right of a party at any time:

1.      to seek a determination by the Court of whether any particular document, material or piece of information should be subject to the terms of this Order; or

2.      to seek relief on appropriate notice from any provision(s) of this Order, either generally or as to any particular document, item of material or piece of information.

3.      To challenge the admissibility of any document, material, or information on the basis of relevance, materiality or otherwise.

15.     At the conclusion of this action, including any appeals, each party who has disclosed a producing party's confidential information under this Order shall provide a list identifying all persons to whom the receiving party disclosed documents, material or information designated by the producing party as "Confidential."

16.     Upon termination of this action, including all appeals, the parties shall destroy or return to counsel for the producing party all documents, materials or depositions designated as "Confidential" and all copies thereof.

17.     Any material or information supplied by a non-party to any or all of the parties in this action pursuant to subpoena or otherwise may be designated by such non-party as "Confidential" under the terms of this Order and such designation shall have the same force and effect as if made by a party.

8

18.     Any party or non-party may ask the Court, after notice to all parties, to

modify or grant relief from the provisions of this Order.

19.     This Court shall retain jurisdiction over any dispute regarding a party's or

a non-party's compliance or failure to comply with the terms of this Order.


David B. Feldman, Esq.
SNOW BECKER KRAUSS P.C.
Attorneys for Defendants
605 Third Avenue- 25th Floor
New York, New York 10158
(212) 687-3860


Brian G. Burke, Esq.
SHEARMAN & STERLING LLP
Attorneys for Plaintiffs
599 Lexington Avenue
New York, New York 10022
(212) 848-4000

by the court as the interest of justice requires.

SO ORDERED subject to modification

Miriam G. Cedarbaum
United States District Judge

Date: March 30, 2009